# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. MCKANRY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-64 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant William E. McKanry's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. The government responded to the motion by filing a motion to dismiss. Movant did not respond to the government's motion and the time for doing so has passed. For the following reasons, the Motion to Vacate, Set Aside or Correct Sentence will be denied.

## Background

On June 12, 2008, movant was charged by a twenty-count criminal indictment with conspiracy, mail fraud, and wire fraud arising out of the sale of twelve real estate properties. On July 16, 2009, movant was charged by a twenty-one-count superseding criminal indictment with the original crimes and an additional count of making a false statement. See Case No. 4:08-CR-365 CAS; Docs. 1 and 76.

Initially movant was represented by Brian Witherspoon of the Federal Public Defender. On April 7, 2009, private counsel Freeman R. Bosley, Jr. entered his appearance on behalf of movant. Shortly thereafter, private counsel Daniel Brown entered his appearance on behalf of movant.

On October 5, 2009, defendant went to trial before a jury on Counts 1-21 of the superseding

indictment. After a five day trial, the jury returned a verdict of guilty as to Counts 1-2 and Counts 15-21, and not guilty as to Counts 3-14. The jury found defendant guilty of conspiracy (Count 1), making a false statement to a postal inspector (Count 2), and mail and wire fraud with respect to three of the twelve properties (Counts 15-21). On December 22, 2009, defendant was sentenced to 27 months imprisonment followed by a term of 2 years supervised release.

On January 10, 2012, defendant filed the instant § 2255 motion to vacate, set aside, or correct his sentence. In addition to these forms of relief, defendant states he seeks to "vacate [the] judgment, or conduct [an] evidentiary hearing, or resentence." (Mot. at 15). Movant asserts ineffective assistance of counsel as his only ground for relief. Within this ground, movant asserts seven separate failures of trial counsel:

(1) counsel lacked experience in federal court;

(2) counsel failed to adequately defend against the charge of lying to a U.S. Postal Inspector;

(3) counsel seemed hesitant or uncertain and had to be assisted by the Court;

(4) counsel failed to ask many relevant questions regarding 100% loans;

(5) counsel failed to obtain appropriate witnesses;

(6) counsel's questioning was ineffective and incomplete; and

(7) counsel failed to give an adequate closing argument.

Within months of filing his motion to vacate, plaintiff completed his 27-month term of imprisonment. (See Doc. 8). On March 7, 2013, the Court granted defendant's request for early discharge from supervision. (See Case No. 4:08-CR-365 CAS, Doc. 219).

**Mootness Inquiry**

As a threshold matter, the Court must determine whether it has jurisdiction to consider McKanry's case on the merits. McKanry has the duty to "show the subsistence of a case or controversy in this court." Hohn v. United States, 262 F.3d 811, 815 (8th Cir. 2001) (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)), vacated on other grounds, 537 U.S. 801 (2002). In other words, McKanry must show that his case is not moot despite his release from confinement and supervised release. See id., 262 F.3d at 815-16.

As stated above, McKanry seeks to vacate the criminal judgment. His motion challenges not just his sentence, but also his conviction. When a movant challenges his underlying conviction, the completion of the sentence does not necessarily render the movant's motion moot. See Lane v. Williams, 455 U.S. 624, 631 (1982). Despite the title of the form motion to vacate, section § 2255 is available to attack convictions as well as sentences. Hohn, 262 F.3d at 816 n.3.

Because McKanry was still serving his term of supervised release when the parties briefed his § 2255 motion, neither party addressed the issue of mootness. At that point in time, McKanry's motion was not moot. In the intervening months, however, the motion has been rendered moot by McKanry's early release from supervision. However, McKanry's motion can survive the mootness inquiry if he can show collateral consequences from his allegedly unlawful criminal conviction.

In Hohn v. United States, the Eighth Circuit explained:

> Even when a litigant is unable to meet the requirements of the general mootness inquiry, the litigant may invoke an exception to the mootness doctrine to gain judicial review. There are four exceptions to the mootness doctrine, so that a court will not dismiss a case as moot if: (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

Hohn, 262 F.3d at 817 (citations omitted). The Supreme Court has instructed that collateral consequences are presumed to stem from a criminal conviction. Sibron v. New York, 392 U.S. 40, 57 (1968); Leonard v. Nix, 55 F.3d 370, 373 (8th Cir. 1995). Because the Court does not have the benefit of briefing on this issue, the Court will presume without deciding that McKanry could invoke the exception to the mootness doctrine that his collateral injuries survive after his release from confinement and supervision. It is foreseeable to the Court that McKanry's ability to engage in his chosen occupation as a licensed real estate broker would be hampered by a criminal conviction for conspiracy, making false statements, and mail and wire fraud. Thus, the Court will evaluate the merits of McKanry's § 2255 motion.

**Legal Standard**

Movant's only ground for relief is ineffective assistance of counsel. A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of § 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting

Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**

    **I.**    **Counsel's Performance**

        A.    Lack of Experience (Claim Nos. 1 and 3)

Movant claims that his counsel, Freeman Bosley, Jr., provided ineffective assistance because "he did not reveal to me that he had no previous experience in U.S. Courts" and because he "sometimes seemed hesitant or uncertain and had to be assisted by the Court in some procedures and questions." (Mot. at 14, Nos. 1 and 3).

As stated above, a movant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). The Court will assume for purposes of movant's motion that counsel did not have experience in federal court. Without more, however, this is insufficient to prevail on an ineffective assistance of counsel claim. Movant must show counsel's performance was deficient. General and conclusory allegations are

insufficient to support a claim for ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence). Movant has provided no specific examples of how Mr. Bosley's alleged inexperience was detrimental to movant's criminal trial. Merely being inexperienced in federal court does not show deficient performance. If it were otherwise, an attorney's first criminal trial in federal court would automatically trigger a successful motion under § 2255.

For his next claim, movant states that counsel seemed hesitant or uncertain and had to be assisted by the court in some procedures and questions. "He was coached by both the Court and the prosecutor on where to stand and how to ask questions . . . ." (Mot. at 14, No. 3). Again, assuming for purposes of this motion that movant's observations are correct, as stated with respect to movant's first claim for relief, merely being inexperienced or "hesitant or uncertain" does not automatically make counsel's performance deficient. Certainly movant has pointed to no specific examples of counsel's hesitancy or uncertainty or any coaching by the Court. Movant also points to no prejudice he suffered arising out of counsel's seemingly hesitant or uncertain performance.

Movant's argument that because of counsel's lack of experience in federal court he received ineffective assistance of counsel is general and conclusory and insufficient to support his claim. Furthermore, movant has not alleged that but for counsel's inexperience the results of his trial would have been different. Movant's claim numbers one and three will be denied.

     B.  Failure to Defend Charge of Lying to Postal Inspector (Claim No. 2)

In his second claim for post-conviction relief, movant asserts his counsel was ineffective by "tacitly agreeing (with prosecution) that defendant lied and tried to recant rather than forcefully

arguing for what actually occurred; namely, that defendant simply made a mistake which he then tried to correct. Making a mistake is not lying—everyone makes mistakes!" (Mot. at 14, No. 2).

The Court cannot find counsel was ineffective for not "forcefully arguing" the defendant made a mistake in his discussions with the postal inspector. Defendant took the stand in his own defense and testified that he made a mistake when he first spoke to the postal inspector. During direct examination by counsel, defendant stated that after this meeting with the postal inspector, defendant attempted numerous times to contact the postal inspector to clarify this mistake. (Tr. at IV-A-97, IV-B-14). Defendant produced telephone logs that he claims evidenced his intent to clarify this mistake. Additionally, the jury instructions clearly instructed the jury that mistakes do not evidence a fraudulent intent and that even giving an honest, albeit mistaken, opinion does not evidence a fraudulent intent. (Jury Instr. Nos. 27-28).

The Court finds that the jury was adequately informed and instructed on defendant's defense of mistake as to Count 2, making a false statement to a postal inspector. It does not find counsel ineffective for not more forcefully arguing this point.

        C.        Counsel's Failure to Ask Relevant Questions and Obtain Witnesses
                 (Claim Nos. 4 and 5)

In his fourth and fifth claims of ineffectiveness, movant argues that counsel was ineffective for his failure to ask numerous questions and obtain appropriate witnesses who could clarify practices involved in 100 percent mortgage loans.

The Court is mindful that pro se pleadings must be liberally construed, Haines v. Kerner, 404 U.S. 519 (1972); Stringer v. St. James R-1 School District, 446 F.3d 799, 802 (8th Cir. 2006), but pro se pleadings "still must allege sufficient facts to support the claims advanced." Movant's allegations are brief, conclusory, and do not cite to the record. Absent an "affirmative showing of

what the . . . evidence or testimony would have been, a habeas court cannot even begin to apply Strickland's standards because it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether petitioner was prejudiced by any deficiencies in counsel's performance." Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994) (quotations and citations omitted); see also United States v. Goodman, 590 F.2d 705, 711 (8th Cir. 1979) (holding that conclusory allegations unsupported by specific facts may be summarily dismissed). Movant has not provided any examples of the types of questioning that would have helped clarify for the jury the methods used for 100 percent loans. Nor has he named a single "appropriate witness" counsel should have called to clarify these practices. For these reasons, claim numbers four and five may be summarily dismissed.

Moreover, movant does not show how he was prejudiced by counsel's alleged failure to inquire into this line of questioning or call these witnesses. Movant was convicted of mail and wire fraud with respect to three properties: (1) 1812 Wade Court; (2) 612 Forrester; and (3) 11717 Talbott Court. For each of these properties the government provided cancelled cashier's checks purchased by movant and remitted to the purchaser of the properties, Linda Moses, which were used to fund the down payments for the property. (Tr. IV-B at 22-23). It is unclear to the Court how additional evidence regarding 100 percent loans would have changed the outcome of movant's trial. Movant's ineffective assistance of counsel claim numbers 4 and 5 will be denied.

        D.      Counsel's Lack of Understanding of Real Estate Practices (Claim No. 6)

For his sixth claim of ineffectiveness, movant states that counsel's "questioning of witnesses was frequently ineffective and incomplete and betrayed a lack of understanding of real estate practices." (Mot. at 14, No. 6). This argument lacks any specificity as to how counsel's alleged lack

of understanding of real estate practices resulted in a deficient performance. Movant has not identified any specific line of questioning that was deficient because of counsel's lack of knowledge of real estate practices. Without more, the Court has nothing from which to find ineffective assistance of counsel and this claim will be summarily dismissed. Goodman, 590 F.2d at 711.

        E.      Counsel's Closing Argument (Claim No. 7)

For his final claim of ineffectiveness, movant states that counsel "utterly failed to provide the defendant with an effective and complete closing argument." (Mot. at 14, No. 7). Specifically, movant points to counsel not countering the "prosecution's assertions that there were dual contracts." Id.

The Court finds that McKanry has failed to establish counsel was not acting as the "counsel" guaranteed by the Sixth Amendment or that he was prejudiced by counsel's closing argument. Strickland, 466 U.S. at 687. McKanry specifically points to counsel's failure to counter the government's assertion regarding dual contracts as being constitutionally ineffective. Movant testified at trial, however, and counsel specifically asked movant on direct about the government's assertion that there were dual contracts. Movant testified he did not participate in dual contracts. (Tr. IV-B at 20). Considering the totality of the evidence before the jury, the Court does not find that counsel's failure to counter the government's arguments in closing regarding dual contracts rose to the level of a constitutionally deficient performance. See Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (when determining if prejudicial deficient performance by counsel exists, court must consider totality of evidence before judge or jury). The court will deny movant's seventh claim of ineffective assistance.

## II. Prejudice

The second prong of the <u>Strickland</u> analysis requires a showing that counsel's ineffectiveness resulted in prejudice. Movant cannot met the prejudice prong of <u>Strickland</u> because he cannot show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. At trial, the government introduced overwhelming evidence of McKanry's guilt, including an undercover recording of McKanry stating that the government could "get them for" providing down payments to the purchaser of the properties, cashier's checks purchased by McKanry and remitted to the purchaser, and live testimony of movant's co-conspirators admitting their participation in the conspiracy. In light of the evidence presented at trial, movant simply cannot show deficient performance of counsel that prejudiced his case.

## **Conclusion**

Movant has not established that his counsel's performance was deficient. <u>Strickland</u>, 466 U.S. at 687. Even if his counsel's performance betrayed a lack of experience, which the Court does not find, movant has not shown a reasonable probability that but for counsel's errors the result of the proceeding would have been different. For the foregoing reasons, the Court finds that each of the grounds raised in William E. McKanry's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is without merit and the motion should be denied without an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** that movant William E. McKanry's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the government's motion to dismiss is **DENIED as moot**. [Doc. 15]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in movant's § 2255 motion. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of February, 2015.